MW

**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| John Kristoffer Larsgard, | No.  CV-20-01583-PHX-SPL (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Jessie Williams, III, et al., | |
| Respondents. | |

Petitioner John Kristoffer Larsgard (A# 205-039-932), who is detained in the CoreCivic La Palma Correctional Center ("LPCC") in Eloy, Arizona, has filed a pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2).  The Court will deny the Motion without prejudice and require Respondents to answer the Petition.

## I.     Background

Petitioner is a native and citizen of Norway.  On or about December 20, 2010, he was admitted to the United States at the Chicago O'Hare Port of Entry in Chicago, Illinois. Petitioner was subsequently convicted in state court, and following completion of his criminal sentence, on April 27, 2018, he was transferred into the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), and issued an administrative removal order.

Petitioner claimed a fear of return to Norway and was referred for withholding-only

proceedings.  In 2019, an immigration judge denied his application for relief.  Petitioner appealed the decision to the Board of Immigration Appeals, and then to the Ninth Circuit Court of Appeals, which remains pending.  *Larsgard v. Barr*, No. 19-72851 (9th Cir. Nov. 12, 2019).  The Ninth Circuit has stayed Petitioner's removal.

Petitioner suffers from asthma, and in March 2020, he was transferred to the LPCC Apache Unit, which he states houses individuals who are at high risk for complications from COVID-19.  He alleges LPCC has "promulgated a number of policies and practices that are designed to limit the risk of COVID-19 being spread to the housing unit where Petitioner is held," but "said polices are being ignored by security staff and other detainees," which is "jeopardizing [his] safety."

On June 4, 2020, Petitioner submitted a request to ICE to review his custody status and release him from detention pursuant to the preliminary injunction in *Fraihat v. ICE*, No. 5:19-cv-01546-JGB-SHK, 2020 WL 1932570 (C.D. Cal. Apr. 20, 2020).  To date, Petitioner has not received a response.

**II.  Petition**

In his Petition, Petitioner names as Respondents ICE Phoenix Field Office Director Jessie Williams, LPCC Warden Chris Howard, United States Attorney General William Barr, Acting ICE Director Matthew Albence, and Acting DHS Secretary Chad Wolf.

Petitioner brings two claims for relief.  In Ground One, Petitioner claims that his "continued detention by ICE at the La Palma Correctional Center in the midst of the COVID-19 pandemic, when Petitioner has chronic medical conditions that place him at high risk for serious complications should he contract COVID-19, and the La Palma Correctional Center [has] fail[ed] and [is] inab[le] to take adequate steps to protect Petitioner from such harm . . . violat[es] [] Petitioner's right to substantive due process under the Fifth Amendment to the United States Constitution."  In Ground Two, Petitioner claims that he is entitled to a custody redetermination pursuant to *Fraihat*, *supra*.

Petitioner asks the Court to (1) find that he is at risk of serious complications from COVID-19 and that Respondents have not, and are unable to, adequately mitigate such

risks in his detention facility; (2) order his release from custody under an order of supervision or upon the posting of a reasonable bond; and (3) in the alternative, order Respondents to provide him with a bond hearing before an immigration judge.

The Court will require Respondents to answer the Petition.

### III.   Motion for Temporary Restraining Order and Preliminary Injunction

In his Motion for Temporary Restraining Order and Preliminary Injunction, Petitioner seeks his release from custody "due to the danger posed to him by the imminent threat of his contracting COVID-19[] and the danger that this would pose to him given his chronic medical conditions." (Doc. 2.)

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).[1]   A temporary restraining order ("TRO") under Rule 65(b), unlike a preliminary injunction under Rule 65(a), may be entered before an adverse party has had an opportunity to respond.  A TRO may issue if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b) (emphasis added).

---

[1]   Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]'s favor,' and the other two *Winter* factors are satisfied."  *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).  Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another."  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

First, Petitioner has not demonstrated that he will suffer irreparable injury before Respondents can be heard in opposition.  Absent more information concerning the specific current conditions and the policies and practices in place to manage the spread of COVID-19 in LPCC, Petitioner fails to make a sufficient showing that the conditions under which he is detained pose an immediate risk of harm to his health or that Respondents have acted in a constitutionally deficient manner with respect to that risk.  Petitioner therefore fails to meet his burden to demonstrate that he is entitled to a TRO.  *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

Further, Petitioner has not shown that, in the absence of a preliminary injunction, he "is likely to suffer irreparable harm *before* a decision on the merits can be rendered." *See Winter*, 555 U.S. at 22 (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 139 (2d ed.1995)) (emphasis added).  Petitioner's Motion asks for the same relief that is sought in his Petition.  And, just as with the Petition, his motion for a preliminary injunction would have to be briefed before a ruling on its merits could issue.  Thus, under the present circumstances, an order of preliminary injunction would not offer Petitioner any relief before a ruling on the Petition would be reached.  Indeed, as briefing would run concurrently, were Petitioner to ultimately prevail, an order of preliminary injunction would be made superfluous by a grant of habeas corpus relief.

Therefore, Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction will be denied.  However, insofar as the Motion contains additional facts and evidence to support his claims, the Court will treat the Motion as part of the Petition and have a copy of it served on Respondents.

**IT IS ORDERED:**

(1)     Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied**.

(2)     The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc.

1), (3) the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2), and (4) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, the Motion, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Williams, Howard, Barr, Albence, and Wolf pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3)     Respondents shall have **30 days** from the date of service to answer the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1).  Respondents shall not file a dispositive motion in place of an answer or response absent leave of Court.

(4)     Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply.

(5)     Respondents must **immediately** file a "Notice of Change in Status" if there is any material change in Petitioner's immigration or custody status.  Any request for relief must be made by separate motion and may not be included in the Notice.

(6)     This matter is **referred** to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 14th day of August, 2020.

Honorable Steven P. Logan
United States District Judge